```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Charles Glenn, Jr.

    v.                                    Case No. 16-cv-006-JD
                                            Opinion No. 2017 DNH 109

New Hampshire Department of
Corrections, Commissioner


## **O R D E R**

Charles Glenn, Jr. filed this federal habeas action, see Petition (Doc. No. 1), pursuant to 28 U.S.C. § 2254, asserting that his conviction and sentence for second degree murder was obtained in violation of his constitutional rights.  This matter has been stayed upon Glenn's assertion that he intends to amend his complaint to add additional claims that have not yet been exhausted in the state courts, but that he intends to litigate in state court post-conviction proceedings.

In January 2016, the state trial court appointed counsel to represent Glenn for the purposes of preparing and litigating state post-conviction challenges to his conviction and/or sentence.  Glenn has provided this court with copies of letters (Doc. Nos. 25-1, 30-1) sent to him by his state court counsel, dated December 13, 2016, and February 17, 2017, indicating that counsel was reviewing "the extensive record and case materials for potential issues for the State collateral review," and that the review could take several months.  Doc. No. 25-1.  The

February 2017 letter indicates that the state court has not imposed any deadline on Glenn's ability to seek post-conviction relief.

In the interest of affording Glenn the opportunity to raise all of his federal claims in this action, this court has stayed Glenn's case pending the filing and resolution of the anticipated post-conviction proceedings in the state court. See Jan. 11, 2017 Order (Doc. No. 26), at 2. Such a stay cannot be indefinite.

> [T]he district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA [the Antiterrorism and Effective Death Penalty Act]. A mixed petition should not be stayed indefinitely. . . . Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back.

Rhines v. Weber, 544 U.S. 269, 277–78 (2005) (citing Zarela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (district courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered")).

This court will lift the stay in this action within sixty days of the date of this Order, unless Glenn, within that time period, files either: (1) a motion to maintain the stay, demonstrating that Glenn or counsel appointed on his behalf in state court, has filed a post-conviction proceeding in state

court, or (2) a motion to extend the stay beyond sixty days, demonstrating good cause for an extension. Glenn is notified that inaction by state court counsel, without more, may not be considered good cause by this court, given the length of time state court counsel has been appointed, and the lack of information provided to this court indicating when or whether court-appointed counsel may file a state post-conviction proceeding on Glenn's behalf.

## **Conclusion**

The court directs as follows:

1. The stay in this case is continued for sixty days. The court will issue an Order lifting the stay thereafter, if Glenn fails to respond to or comply with this Order.

2. Prior to the expiration of the sixty day period, Glenn may file a motion seeking to maintain the stay, demonstrating that Glenn, pro se or through appointed counsel, has filed a new state post-conviction proceeding, and attaching as an exhibit to that motion a copy of that state court petition or other pleading.

3. Glenn may move to extend the sixty day deadline by filing a motion demonstrating good cause for such extension. The inaction of state court-appointed counsel alone may not suffice to demonstrate good cause.

**SO ORDERED.**

_Andrea K. Johnstone_ (signature)
Andrea K. Johnstone
United States Magistrate Judge

June 8, 2017

cc: Charles Glenn, Jr., pro se
    Elizabeth C. Woodcock, Esq.
    Christine List, Esq., NH Appellate Defender-courtesy copy
    Stephanie Hausman, Esq., NH Appellate Defender-courtesy copy