UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles Glenn, Jr.

    v.                                      Civil No. 16-cv-6-JD

Helen Hanks, Commissioner,
New Hampshire Department of Corrections[1]

**REPORT AND RECOMMENDATION**

Before the court is petitioner Charles Glenn, Jr.'s request to be returned to New Hampshire (Doc. No. 41), respondent's response and objection to the request (Doc. Nos. 43, 45), and petitioner's reply (Doc. No. 44). The matter has been referred to the undersigned magistrate judge for a recommendation as to disposition. See Dec. 14, 2017 Order.

On January 7, 2016, Glenn filed a habeas petition in this court, challenging his New Hampshire state conviction for second degree murder, asserting claims that his conviction and sentence violate his Fifth and Fourteenth Amendment rights not to be subjected to double jeopardy. At the time he filed this action, Glenn, a New Hampshire Department of Corrections ("DOC") inmate, was incarcerated in Connecticut. In June 2016, Glenn was

---

[1]Glenn named William Wrenn, the Commissioner of the New Hampshire Department of Corrections ("DOC") at the time this action was filed, as the respondent to this action. The court has substituted the name of the current DOC Commissioner, Helen Hanks, as the respondent in this case.

transferred to a prison in New Jersey, were he remains.

In addition to this case, Glenn is litigating a state court challenge to his conviction in which he has alleged that his trial and/or sentencing counsel failed to provide him with the ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments.  Glenn has counsel in the pending state-court proceedings.  This case has been stayed pending resolution of the state court post-conviction proceedings.  See Aug. 30, 2017 Order (Doc. No. 39).  If his state court proceeding is successful, this action would be rendered moot.  If that litigation is not successful, Glenn may seek to amend his petition here to assert his ineffective assistance of counsel claims once those claims are litigated.  Recent status reports filed by petitioner (Doc. Nos. 48, 49) and correspondence from Christine List, petitioner's state court attorney (Doc. Nos. 47, 50), indicate that the state court proceedings are not likely to conclude in the immediately foreseeable future.[2]

At this time, the only motion pending in this case is

---

[2]In Attorney List's most recent correspondence, she indicates that a status conference is scheduled in the state court matter for June 27, 2018, and that at that time the court will issue a scheduling order concerning "discovery deadlines, expert disclosures, interrogatories, and evidentiary hearing dates."  Attorney List has offered to provide this court with the state court scheduling order once it is issued.

Glenn's motion (Doc. No. 41) to be returned to New Hampshire. In his motion, Glenn alleges that he is not able to access New Hampshire state law in his present facility, and is thus impaired in his ability to litigate this action. Assuming, without deciding, that Glenn will need access to such documents once the stay in this case is lifted (if his state court proceedings are not successful), Glenn is not prejudiced by his current lack of access New Hampshire legal materials while this case is stayed.

Accordingly, the district judge should deny Glenn's motion (Doc. No. 41) for an order directing that he be returned to New Hampshire, without prejudice to Glenn's ability to reassert the request once the stay is lifted in this case. Further, the denial of Glenn's motion should be without prejudice to Glenn's ability to assert, through counsel, his request to be returned to New Hampshire, in the state court to the extent he asserts that such transfer is necessary to his ability to effectively assist in the litigation of the state court proceedings.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the

right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                */s/ Andrea K. Johnstone*
                                                                Andrea K. Johnstone
                                                                United States Magistrate Judge

June 28, 2018

cc:   Charles Glenn, Jr., pro se
      Elizabeth C. Woodcock, Esq.
      Christina List, Esq., Courtesy Copy